IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

**HIGINIO MENDOZA, JR.**,  )
 )
        Plaintiff,  )  2:12cv532
v.  )  Electronic Filing
 )
**FIRST STUDENT TRANSPORTATION, INC.**,  )
 )
        Defendant.  )

## MEMORANDUM OPINION

Higinio Mendoza, Jr. ("Plaintiff"), commenced this action on April 23, 2012 against First Student Transportation, Inc. ("Defendant"), by filing a Motion for Leave to Proceed *In Forma Pauperis* with an attached Complaint. (ECF No. 1). In the Complaint, Plaintiff alleges that he was hired as a driver by Defendant on January 31, 2011 and was demoted on March 7, 2011 "without any reason." (ECF No. 1-1 at ¶ 5). Plaintiff further alleges that on March 22, 2011 he was informed by "a Contract Mgmt" that he was "being discharged." (*Id.* at ¶ 6). Plaintiff alleges:

> I believe I was discriminated against because of my race, color (Tiano/Puerto Rican), and in retaliation for contacting Defendants Corporate office to report that I was being discriminated against in violation of Title VII of the Civil Rights Act of 1964, 1983 & 1985. The Contract Manager had knowledge of being demoted.
>
> Communications with the defendants Corporate Office y[i]elded no response, Regarding demotion, discrimination[.] Furthermore the defendants, int[e]ntionally did not want to hire, and pre[]judice towards men of color.

(ECF No. 1-1 at ¶¶ 7-8). Plaintiff states that he was ultimately fired on April 21, 2011 for calling off work due to an eye injury. (Id. at ¶ 9). Plaintiff seeks $10,000 in damages.

The United States Court of Appeals for the Third Circuit has instructed the district courts to utilize a two-step analysis to determine whether to direct service of a complaint where the plaintiff seeks to proceed *in forma pauperis*. First, the court must determine whether the litigant

1

is indigent within the meaning of 28 U.S.C. § 1915(a). Second, the court must determine whether the complaint is frivolous or malicious under 28 U.S.C. § 1915(d).[2] *Roman v. Jeffes*, 904 F.2d 192, 194 n.1 (3d Cir. 1990). The court finds plaintiff to be without sufficient funds to pay the required filing fee. (See Doc. No. 1). Thus, he will be granted leave to proceed in forma pauperis.

In *Neitzke v. Williams*, 490 U.S. 319 (1989), the Supreme Court identified two types of legally frivolous complaints: (1) those based upon indisputably meritless legal theory, and (2) those with factual contentions which clearly are baseless. Id. at 327. An example of the first is where a defendant enjoys immunity from suit, and an example of the second is a claim describing a factual scenario which is fanciful or delusional. Id. In addition, Congress has expanded the scope of § 1915 to require that the court be satisfied that the complaint states a claim upon which relief can be granted before it directs service; if it does not, the action shall be dismissed. 28 U.S.C. § 1915(e)(2)(B)(ii).

Here, a review of the Plaintiff's Complaint reveals that it fails to state a claim upon which relief can be granted. Plaintiff's allegations center on his apparent discharge from employment with Defendant. With respect to Plaintiff's purported Title VII claim, "[a] complaint does not state a claim upon which relief may be granted unless it asserts the satisfaction of the precondition to suit specified by Title VII: prior [timely] submission of the claim to the EEOC (or a state conciliation agency) for conciliation or resolution." *Hornsby v. U.S. Postal Service*, 787 F.2d 87, 90 (3d Cir. 1986); *see also Ford v. Comm. of Pennsylvania*, 2008 WL 112030 at *3

---

[2] This provision is now codified at §1915(e)(2)(B)(i).

(M.D. Pa. 2008) ("Because Plaintiff has not alleged exhaustion in his complaint, he has failed to state a claim upon which relief can be granted and his Title VII claim will be dismissed without prejudice pursuant to Fed.R.Civ.P. 12(b)(6), with leave to file an amended complaint."). Here, Plaintiff has not alleged exhaustion of his Title VII claim. This claim will be dismissed.

Plaintiff's employment discrimination claim does not implicate the civil rights statutes through which he seeks relief. To state a claim pursuant to 42 U.S.C. § 1983, a plaintiff must allege that a right secured by the Constitution or laws of the United States was violated by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Plaintiff has made no allegation that Defendant, a corporation, was acting under color of state law when it engaged in the conduct at issue. Therefore, this claim also will be dismissed.

Plaintiff's purported claim under 42 U.S.C. § 1985 likewise is deficient. Subsection (1) of the statute pertains to conspiracies whose aim is to prevent an officer from performing his duties; subsection (2) pertains to conspiracies whose aim is to deter parties, witnesses or jurors from participating in court proceedings. *See* 42 U.S.C. § 1985(1) and (2); *Desi's Pizza, Inc. v. City of Wilkes-Barre*, 321 F.3d 411, 423 n.1 (3d Cir. 2003). No such conduct has been alleged here.

Moreover, Plaintiff has not alleged facts sufficient to support a conspiracy under § 1985(3). In order to state a viable claim under § 1985(3), a plaintiff must allege: (1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and (3) an act in furtherance of the conspiracy; (4) whereby a person is injured in his person or

property or deprived of any right or privilege of a citizen of the United States. *Farber v. City of Paterson*, 440 F.3d 131, 134 (3d Cir. 2006) (quoting *United Bhd. of Carpenters & Joiners v. Scott*, 463 U.S. 825, 828–29, 103 S.Ct. 3352, 77 L.Ed.2d 1049 (1983)). "[A] plaintiff must allege both that the conspiracy was motivated by discriminatory animus against an identifiable class and that the discrimination against the identifiable class was invidious." *Id.* at 135. No such allegations are set forth in the Complaint, nor is there any basis to infer that such a theory would be applicable to the alleged facts. Accordingly, this claim will be dismissed.

There is no basis to assume or believe that plaintiff can cure the deficiencies highlighted above. Accordingly, the complaint will be dismissed and the Clerk of Court will be directed to mark the case closed. Nevertheless, in order to assure that any decision is not premature, the dismissal will be without prejudice to plaintiff filing a motion to re-open the case and amend any one or more of the claims pursuant to factual averments that cure the deficiencies highlighted in this memorandum opinion. An appropriate order will follow.

<u>Date: February 24, 2014</u>

<u>s/David Stewart Cercone</u>
David Stewart Cercone
United States District Judge

cc: Higinio Mendoza, Jr.
     1036 Jackman Ave.
     Pittsburgh, PA 15202